## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

**JOSEPH LAZAR and KANEM KANAM,**
On behalf of themselves and all others
similarly situated,

Case No.:

          Plaintiffs,

Hon.

**SMART EATING MICHIGAN LLC**
**d/b/a NKD PIZZA OF STERLING HEIGHTS,**
and
**NAKEDPIZZA NORTH AMERICA**
**FRANCHISE COMPANY, LLC;**

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

          Defendants.

_____/

Oliver Law Group P.C.
Alyson Oliver (P55020)
Adam R Miller (P77449)
Attorneys for Plaintiffs
363 W. Big Beaver #200
Troy, MI 48084
(248) 327-6556
notifications@oliverlg.com

_____/

### CLASS ACTION COMPLAINT AND JURY DEMAND

PLAINTIFFS, Joseph Lazar and Kanem Kanam, by and through their attorneys OLIVER

LAW GROUP PC, on behalf of themselves and all similarly situated persons, upon personal

knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon

information and belief, including investigation conducted by their attorneys, state as follows.

### PARTIES, JURISDICTION AND VENUE

1. Smart Eating Michigan LLC d/b/a NKD Pizza of Sterling Heights (Smart Eating) is a

restaurant in Sterling Heights, Michigan. Smart Eating sells its products directly

1

through its company website and at its "brick and mortar" store located at 2100 Metropolitan Parkway, Sterling Heights, Michigan 48310. Defendant Smart Eating regularly and systematically conducts business in Michigan and this judicial district, and a substantial part of the events giving rise to this case took place in this judicial district in the State of Michigan.

2. Defendant Smart Eating's listed Resident Agent is Mohamed Asker and its Registered Office address is 100 W. Big Beaver Rd. #200 Troy, Michigan 48084.

3. NAKEDPIZZA North America Franchise Company LLC (Franchisor) is a Delaware Limited Liability Company with a registered agent office located at 1675 S. State St. Suite B; Dover, Delaware 19901. Defendant Franchisor regularly and systematically conducts business in Michigan and this judicial district, and a substantial part of the events giving rise to this case took place in this judicial district in the State of Michigan.

4. Defendant Franchisor has entered into franchising agreements with approximately 450 franchisees, including Defendant Smart Eating. Upon information and belief there are currently (4) Naked Pizza franchise stores open in the United States.

5. Plaintiff Kanem Kanam resides on Fox Hill Drive in Sterling Heights, Michigan.

6. Plaintiff Joseph Lazar resides on Hopkins Drive in Sterling Heights, Michigan.

7. This Court has jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), in that there is diversity of citizenship between the named Plaintiff and members of the proposed class and Defendants, and the aggregate amount in controversy exceeds $5 million.

2

8.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because Plaintiffs purchased food products from Defendant Smart Eating in this judicial district, and because the Defendants regularly conduct business in this district, and a substantial part of the events giving rise to this case took place in this judicial district in the State of Michigan.

## GENERAL ALLEGATIONS

### Smart Eating, at the direction of Franchisor and pursuant to its franchise agreement with Franchisor, attempts to distinguish its products with a marketing campaign touting the healthy and natural content of its ingredients.

9.  Defendants Smart Eating and Franchisor attempt to distinguish themselves from other pizza retailers based on claims that the ingredients they use are healthy and natural.

10. Defendant Smart Eating operates a website at www.nkdpizza.com.

11. One link on Defendant Smart Eating's website is labeled, "how we're different". Attached as **Exhibit A** is a 'screenshot' of the "how we're different" webpage. Among other representations on **Exhibit A** are the following:

- "we do it all openly, honestly and shamelessly. All natural, all awesome pizza".

- "no additives or preservatives, no artificial colors or flavors".

12. Another link on Defendant NKD Pizza's website is labeled, "menu". Attached as **Exhibit B** is a screenshot of the "menu" webpage. **Exhibit B** states, "so many ways to enjoy! All natural, all awesome".

13. Attached as **Exhibit C** is a picture of the statement or motto printed on the wall of Defendant NKD Pizza's store in Sterling Heights, Michigan. The statement reads as follows:

3

"When you make pizza by hand, from scratch, using only fresh, all-natural ingredients, there's no bad stuff hiding in it. Nothing processed or modified or tinkered with. No additives or preservatives. No artificial colors or flavors. No GMO's. No MSG. No BHT. No HFCS. No, none of that. Just real fresh ingredients we combine to make really tasty pizza. Pizza we feel good about eating. Pizza that puts itself out there, in all of its natural naked glory."

14. Attached as **Exhibit D** is a picture of the pizza box used by Defendant NKD Pizza. It bears the same statement or motto set forth in paragraph 13 above.

15. Upon information and belief, the statements contained in the promotional documents set forth as Exhibits A through D are developed and/or approved by Defendant Franchisor and used by Defendant Smart Eating at the direction and/or with the approval of Defendant Franchisor pursuant to Defendants' franchise agreement.

**Defendant Smart Eating, with the consent and at the direction of Defendant Franchisor, knowingly made false claims to consumers about products containing pepperoni.**

16. Attached as **Exhibit E** is a picture of the 'Arezzio' brand pepperoni distributed by Sysco Corporation and used by Defendant Smart Eating.

17. **Exhibit E** lists the following ingredients which do not comport with Defendants' advertising as referenced in Exhibits A through D.

- Dextrose – a food additive used for sweetening;

- Lactic Acid – a food preservative;

- Sodium Nitrite – a food additive providing preservative qualities and artificial color;

- "Flavoring" - a non-descript but presumably artificial flavoring;

- Butylated hydroxyanisole (BHA) – a chemically made preservative;

4

- Butylated Hydroxytulene  (BHT) – a chemically made preservative.

18. Plaintiffs, when contemplating the choice of where to buy Pizza, saw and relied on Exhibits A through D.

19. On the basis of Exhibits A through D, Plaintiffs had the reasonable expectation that the ingredients used by Defendant Smart Eating, including pepperoni, did not contain additives, preservatives, artificial flavoring, artificial coloring or anything that was not 'natural'.

20. The statements regarding the contents of Defendant Smart Eating's products and ingredients set forth in Exhibits A through D and summarized in Paragraph 37 below, were material because they were important to the transaction in that they affected consumers' decisions to enter in to the transaction. Further, it is clear from Exhibits A through D that Defendants specifically seek to set themselves apart from competing businesses by making the claims set forth in in Exhibits A through D and summarized in Paragraph 37 below.

21. At all times relevant to Plaintiffs' claims Defendant Smart Eating was operating as an agent of Defendant Franchisor. Pursuant to Defendants' franchise agreement and/or the actual practice of Defendants; Defendant Franchisor exercised control over Defendant Smart Eating's decisions regarding marketing and supply chain, including decisions regarding the sourcing of pepperoni supply.

22.  Defendants made the false representations contained in Exhibits A through D with knowledge of their falsehood or reckless indifference to their falsehood, intending that customers such as Plaintiffs rely on those false statements and purchase their product(s), including pepperoni.

23. On February 22, 2017, and on several other dates since the founding of Defendant NKD Pizza in 2015, Plaintiff Lazar purchased pizza containing pepperoni from Defendant NKD Pizza. (See attached **Exhibit F**)

24. On March 14, 2017, and on several other dates since the founding of Defendant NKD Pizza in 2015, Plaintiff Kanam purchased pizza containing pepperoni from Defendant NKD Pizza. (See attached **Exhibit G**)

<u>**CLASS ACTION ALLEGATIONS**</u>

25. Plaintiffs incorporate by reference paragraphs 1-24 above.

26. The named individual Plaintiffs Kanem Kanam and Joseph Lazar bring this action on their own behalf and on behalf of those similarly situated pursuant to FRCP 23(b)(1)(A).

27. The named individual Plaintiffs seek to represent the class of individuals consisting of all those consumers who purchased products containing pepperoni from Defendant Smart Eating, from the date that Smart Eating opened for business through the date of this complaint.

28. The exact number of members of the proposed class is not presently known, but based upon information and belief the number is well in excess of 1000 people, and is so numerous that joinder of all members of the proposed class in this action is impracticable.

29. There are questions of law and fact common to the class. These include legal and factual questions pertaining to the allegedly false representations made by Defendants as set forth in Exhibits A through D, and damages caused to named Plaintiffs and the class.

30. The individual Plaintiffs claims are typical of the claims of the members of the proposed class in that all claims arise from the same representations made to them by

6

Defendants, i.e. that the products they were purchasing were are "all natural" and had "no additives or preservatives, no artificial colors or flavors", and "No BHT".

31. The individual Plaintiffs, will fairly and adequately represent the interests of the proposed class because they have the same or similar claims and interests arising from the same or similar operative facts and because they have secured representation of counsel who is skilled in and knowledgeable of consumer protection law, civil litigation and multiparty and class action litigation.

32. Defendants wrongful acts were undertaken on grounds that are generally applicable to the proposed class members, making final injunctive relief or corresponding declaratory relief appropriate with respect to the class as a whole.

33. The common questions of law and fact that are implicated predominate over any questions that affect only individual members of the proposed class, and class action is far superior to any other available method for the fair and efficient adjudication of this controversy.

Count I

### DECLARATORY AND INJUNCTIVE RELIEF UNDER THE MICHIGAN CONSUMER PROTECTION ACT

34. Plaintiff incorporates by reference paragraphs 1 through 33.

35. Defendants are engaged in "trade or commerce" within the meaning of MCL 445.902(1)(g) of the MCPA.

36. Each of the Plaintiffs are a "person" within the meaning of MCL 445.902(1)(d).

37. Defendants, by representing that their products, including products containing pepperoni, were "all natural," had "no additives or preservatives, no artificial colors or flavors", and "No BHT" violated the MCPA - MCL 445.903(1)(a), (c), and (e).

38. Unless restrained by the Court, Defendants will continue to violate the MCPA.

**WHEREFORE**, pursuant to MCL 445.911(1)(a) and (b), Plaintiff requests relief as follows:

A. That the Court, pursuant to MCL 445.911(1)(a), enter a declaratory judgment declaring that Defendants, by representing that their pepperoni containing products were "all natural" had "no additives or preservatives, no artificial colors or flavors", and "No BHT", violated MCL 445.903.

B. That the Court, pursuant to MCL 445.911(1)(b), enter an order forbidding Defendants from representing in a categorical fashion that their products are "all natural" or have "no additives or preservatives, no artificial colors or flavors", and "No BHT"

C. That the Court, pursuant to MCL 445.911(1)(b), enter an order commanding Defendants to take whatever corrective action the Court deems just in order to counter the existing advertising wherein Defendants make false representations regarding the contents of their product and ingredients.

D. That the Court award Plaintiff costs and reasonable attorney fees.

Count II

<b><u>CLASS MONETARY RELIEF UNDER THE MCPA</u></b>

39. Plaintiffs incorporate by reference paragraphs 1 through 38.

40. Plaintiffs, and all others similarly situated, are persons who have suffered an economic loss within the meaning of MCL 445.911(2).

8

41. But for Defendants' misrepresentations, Plaintiffs' would not have purchased products from Defendants containing pepperoni.

42. All members of the class should be fully reimbursed by Defendants for their purchase of products containing pepperoni.

**WHEREFORE**, Pursuant to MCL 445.911(2), Plaintiffs, and all others similarly situated request a monetary judgment for the actual damages they sustained, together with reasonable attorney fees, interest, and costs.

Count III

**CLASS RELIEF FOR UNJUST ENRICHMENT**

43. Plaintiff incorporates by reference paragraph 1-42 above.

44. As a result of Defendants false and misleading statements, Plaintiff's purchased products from Defendants which contained pepperoni.

45. Defendants received a benefit from the Plaintiff class members when they purchased products containing pepperoni.

46. Because Plaintiff's purchases were fraudulently induced, it would be inequitable for Defendants to retain the money paid for those products.

**WHEREFORE**, Plaintiffs request a judgment that Defendants revenues from the sale of products containing pepperoni be disgorged, and that those revenues be paid in restitution to the class of Plaintiffs.

<u>JURY DEMAND</u>

Plaintiffs demand a jury trial as it relates to all issues herein upon which they are entitled a jury trial.

Respectfully Submitted,

Dated June 7, 2017

Alyson Oliver_____
Alyson Oliver (P55020)
Oliver Law Group P.C.
Attorneys for Plaintiffs
363 W. Big Beaver #200
Troy, MI 48084
(248) 327-6556
notifications@oliverlg.com